JUSTICE HUNT,
dissenting:
I dissent. The District Courts were correct when they granted defendant’s motions in limine and held that the preservation of judicial integrity necessitates the application of the exclusionary rule to all evidence seized illegally as the result of either state or private action.
Regarding the exclusionary rule, the United States Supreme Court has said:
“If the government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of the criminal law the *322 end justifies the means — to declare that the Government may commit crimes in order to secure the conviction of a private criminal •—■ would bring terrible retribution.”
Elkins v. United States, 364 U.S. 206, 223, 80 S.Ct. 1437, 1447, 4 L.Ed.2d 1669, 1681 (1960).
This Court has adopted the Elkins rationale and applied it to private action:
“[Unreasonable or illegal intrusions knowingly accepted and used, from the private sector by the government amount to an extension of the silver platter doctrine condemned by Elkins, particularly when viewed in the light of judicial integrity emphasized in Elkins” (Emphasis in original.)
State v. Coburn, 165 Mont. 488, 503, 530 P.2d 442, 450 (1974).
Judicial integrity necessitates that the exclusionary rule extend to the activities of private citizens who, in obtaining evidence, violate the criminal laws. This type of exclusion preserves judicial integrity.
As I said in my dissent in State v. Long, 216 Mont. 65, 84, 700 P.2d 153, 165 (1985):
“Montana has rightfully placed privacy paramount to any illegal public or private intrusion. The constitutional delegates knew Montana when they wrote:
“‘The right of individual privacy is essential to the well-being of a free society and shall not be infringed without the showing of a compelling state interest.’ Mont. Const, art. II, § 10.
“This has been the law and should remain the law without exception or qualification.
“It is no favor to judicial integrity to use an incident of an illegal intrusion as a substitute for due process. The majority of this Court now allows the trespasser and the snoop to do work properly assigned to lawfully constituted law enforcement. We should leave law enforcement to those legally and rightfully entrusted with that task. It is not an injustice to society to apply the exclusionary rule to private searches. . . . Law enforcement should be left to law enforcement officers who are not only trained to apprehend the wrongdoer but, just as importantly, to respect the rights of all Montana citizens including what was, before the majority opinion, the constitutional right to privacy.”
Crooks as well as trespassers and snoops should be outlawed from doing the work of legally constituted law enforcement officers.
*323 The private citizen generally knows what types of activities are legal or illegal. If private citizens are allowed to knowingly break the laws, and the government reaps the benefits from such activity, does not the government essentially become the perpetrator? If the government is allowed to use evidence that was illegally seized, does not the government become like the recipient of stolen goods?
A recipient of stolen goods is criminally responsible when he or she knowingly “obtains control over stolen property knowing the property to have been stolen by another” with the purpose of depriving the owner. Section 45-6-301(3)(a), MCA. In this case, the government received stolen property knowing it was stolen. It should be forced to obey the very laws that it is to uphold.
I would affirm the District Courts.
JUSTICE SHEEHY, concurs in the dissent of JUSTICE HUNT.